IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MICHAEL AND | § | |
| CHRISTIANE GARCIA, | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No.   5:16-cv-33 |
| | § | |
| STATE FARM LLOYDS, | § | |
|     Defendant. | § | |

## INDEX OF MATTERS BEING FILED

1.     State Farm Lloyds' Notice of Removal

2.     Exhibit B:     Copies of all process, pleadings, orders and the docket sheet on file in the state court lawsuit.

3.     Exhibit C:     A list of counsel of record.

**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **MICHAEL AND** | § | |
| **CHRISTIANE GARCIA,** | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **Civil Action No.** ___5:16-cv-33___ |
| | § | |
| **STATE FARM LLOYDS,** | § | |
| **Defendant.** | § | |

---

### STATE FARM LLOYDS' NOTICE OF REMOVAL

---

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

State Farm Lloyds ("State Farm") files this Notice of Removal pursuant to 28 U.S.C. §1446(a) and respectfully shows the following:

#### *Procedural Background*

1.     On December 9, 2015, Michael and Christiane Garcia ("Plaintiffs") filed their Original Petition ("Original Petition") styled Cause No. 2015-CI-20345; *Michael and Christiane Garcia v. State Farm Lloyds*; In the 288th Judicial District Court, Bexar County, Texas. State Farm was served with citation on December 15, 2015. On January 7, 2016, Defendant State Farm filed an answer in state court.

#### *Nature of the Suit*

2.     This lawsuit involves a dispute over State Farm's handling of Plaintiffs' insurance claims for damages from a storm allegedly sustained by their residential property. Plaintiffs sought appraisal under the insurance policy to establish the amount of loss. Despite State Farm's payment of the appraisal award, Plaintiffs contend State Farm breached the insurance contract, the duty of good faith and fair dealing, and violated the Texas Insurance Code and DTPA.

Plaintiffs seek actual damages, economic damages, additional damages, consequential damages, treble damages, statutory penalties, exemplary damages, pre-judgment and post-judgment interest, court costs and attorney's fees.

### Basis for Removal

3.      Removal is proper under 28 U.S.C. §1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

4.      There is complete diversity of citizenship between the parties.  At the time Plaintiffs filed their Original Petition on December 9, 2015, and as of the date of filing this Notice, State Farm was an association of underwriters whose individual underwriters were all residents and citizens of states other than Texas.  Accordingly, at the time of filing of this suit, and through the filing of this Notice, State Farm was and is considered an out-of-state citizen for diversity jurisdiction purposes.[1]

5.      Upon information and belief, Plaintiffs were citizens of Texas when they filed their Original Petition, and continue to be citizens of Texas.[2]

6.      Further, this Court has diversity jurisdiction over this matter because the amount in controversy exceeds $75,000.00, exclusive of interest and costs.  Although Plaintiffs' state in their Original Petition they are seeking monetary relief not to exceed $75,000, their Petition is not accompanied by a sworn stipulation.[3]  The failure to include a stipulation of damages means Plaintiffs can amend their Petition at a later time to seek a greater dollar amount, at which time

---

[1] *See Royal Ins. Co. of America v. Quinn-L Capital Corp.*, 3 F.3d 877, 882 (5th Cir. 1993), *cert. denied*, 114 S. Ct. 1541 (1994) (defining "Lloyds' Plan" insurer).  *See, e.g. Garza v. State Farm Lloyds*, 2013 WL 3439851, at *2 (S.D. Tex. July 8, 2013) ("Therefore, the Court finds that State Farm has sufficiently demonstrated by a preponderance of the evidence that its underwriters are not citizens of Texas.  This means State Farm and the Plaintiffs are completely diverse.")
[2] *See* Plaintiffs' Original Petition, ¶ I, attached as Exhibit A-1.
[3] Exhibit A-1, ¶XI and Prayer.

State Farm may be precluded from removing the case to federal court. Texas law simply does not permit a plaintiff to plead that he or she seeks damages not to exceed $75,000 and allow that to serve as the amount in controversy.[4] Further, when evaluating the claims and damages asserted by Plaintiffs in their Original Petition, including claims for exemplary damages, additional statutory damages and attorney fees, it is apparent the amount in controversy exceeds the federal jurisdictional minimum of $75,000.00.

      7.      Generally, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy."[5] However, when the State law does not require a demand for a specific sum, the removing party can establish by a preponderance of the evidence that the amount in controversy exceeds $75,000 for removal to be proper.[6] The amount of damages in the prayer of the Petition is not binding, particularly where, as here, it is not accompanied by a damage cap stipulation. The removing party, therefore, can satisfy this burden by showing that it is apparent from the claims in the Petition that the claims likely exceed $75,000 or by presenting summary judgment-type evidence of facts in controversy sufficient to support a finding that the claims in the Petition exceed $75,000.[7]

      8.      In determining the amount in controversy, the court may consider "policy limits and potential attorney's fees, ... penalties, statutory damages, and punitive damages."[8] Here,

---

[4] *See Juan Jimenez, et al v. State Farm Lloyds,* Civil Action No. 7:14-CV-294 (S.D. Tex. Mar. 9, 2015) at 4, attached as Exhibit B.

[5] 28 U.S.C. §1446(c)(2).

[6] *Id.*; *see also De Aguilar v. Boeing Co.,* 11 F.3d 55, 58 (5th Cir. 1993).

[7] *Maguno v. Prudential Prop. & Cas. Ins. Co.,* 276 F.3d 720, 723 (5th Cir. 2002).

[8]   *St. Paul Reinsurance Co., Ltd v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *see Ray v. State Farm Lloyds,* 1999 WL 151667 (N.D. Tex. Mar. 10, 1999) at *2-3 (finding a sufficient amount in controversy in Plaintiffs' case against their insurance company for breach of contract, fraud, negligence, gross negligence, bad faith, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and mental anguish); *Fairmont Travel, Inc. v. George S. May Int'l Co., et. al.*, 75 F. Supp. 2d 666, 668 (S.D. Tex. 1999) (considering DTPA claims and the potential for recovery of punitive damages for the amount in controversy determination); *Chittick v. Farmers Insurance Exchange*, 844 F. Supp. 1153, 1155 (S.D. Tex. 1994) (finding a sufficient amount in controversy after considering the nature of the claims, the types of damages sought and the presumed net worth of the defendant in a

Plaintiffs allege that State Farm breached the insurance contract by failing to pay policy benefits for the cost to properly repair the property for "substantial" windstorm damage *and* for belatedly paying an appraisal award.   Plaintiffs carry significant coverage under Policy Number 83-BR-D569-1 which is a Texas Homeowner's Policy providing $546,500 in coverage limits for the dwelling and $409,875 for contents coverage.[9]

9.      Further, in addition to unspecified contract damages for storm repairs, Plaintiffs seek actual, consequential, and exemplary damages, as well as statutory penalties for alleged breach of the duty of good faith and fair dealing claims and for alleged violations of the Texas Insurance Code and DTPA.[10]   While Plaintiffs seek withheld depreciation of $3,500 and approximately $12,000 for unpaid damages on the late appraisal award payment, they are free to amend their Petition under Texas law and seek substantially more than the currently plead damages *because Plaintiffs chose not to include a binding damage cap stipulation*.   Here, the actual amount in controversy is greater than Plaintiffs' unstipulated prayer in the Petition: Plaintiffs seeks additional undisclosed contract damages for "substantial" unpaid storm damage on a Policy with $546,500 in limits as well treble damages under the Texas Insurance Code and DTPA, exemplary damages and attorney fees.   Thus, given Plaintiffs' statement of the relief they are seeking in this suit in their Petition, the Policy involved in Plaintiffs' claim, the nature of Plaintiffs' claim, and the types of damages sought, it is more likely than not that the amount in controversy exceeds the federal jurisdictional minimum of $75,000.00.

---

claim brought by the insureds against their insurance company for actual and punitive damages arising from a claim they made for roof damages).
[9] *See* Exhibit B, Plaintiffs' Homeowners' Policy Declarations Page.
[10] *See* Exhibit A-1 at ¶ XI-XIII.

4

### *The Removal is Procedurally Correct*

10.     State Farm was first served with the Original Petition on December 15, 2015. Therefore, State Farm filed this Notice of Removal within the 30-day time period required by 28 U.S.C. §1446(b).

11.     Venue is proper in this district under 28 U.S.C. §1446(a) because this district and division embrace the place in which the removed action has been pending and because a substantial part of the events giving rise to Plaintiffs' claims allegedly occurred in this district.

12.     Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice as Exhibit A.

13.     Pursuant to 28 U.S.C. §1446(d), promptly after State Farm files this Notice, written notice of the filing of this Notice of Removal will be given to Plaintiffs, the adverse parties.

14.     Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice will be filed with the District Clerk of Bexar County, Texas, promptly after State Farm files this Notice.

WHEREFORE, STATE FARM LLOYDS requests that this action be removed from the 288th Judicial District Court of Bexar County, Texas to the United States District Court for the Western District of Texas, San Antonio Division, and that this Court enter such further orders as may be necessary and appropriate.

Respectfully submitted,

David R. Stephens
Attorney in Charge
State Bar No. 19146100
LINDOW STEPHENS TREAT LLP
One Riverwalk Place
700 N. St. Mary's St., Suite 1700
San Antonio, Texas  78205
Telephone: (210) 227-2200
Facsimile: (210) 227-4602
dstephens@lstlaw.com

*Counsel for State Farm Lloyds*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Notice of Removal was filed electronically with the United States District Court for the Western District of Texas, San Antonio Division, with notice of case activity to be generated and sent electronically by the Clerk of the Court with ECF notice being sent and a copy mailed *via certified mail* on this **13th** day of **January 2016**, addressed to those who do not receive notice from the Clerk of the Court.

Robert W. Loree
LOREE & LIPSCOMB
The Terrace at Concord
777 W. Sonterra Blvd., Suite 320
San Antonio, Texas 78258

David R. Stephens

6