# Exhibit A



# Bexar County

## District Clerk/County Clerk Search

# Full Case Information

# Case Summary

---

## Case Information for Cause #: 2015CI20345

### MICHAEL GARCIA ET AL vs STATE FARM LLOYDS

| | |
|---|---|
| Cause No. : | 2015CI20345 |
| Name : | CHRISTIANE GARCIA |
| Business Name : | |
| Litigant Type : | PLAINTIFF |
| Date Filed : | 12/09/2015 |
| Docket Type : | OTHER CIVIL CASES |
| Case Status : | PENDING |
| Court : | 288 |

*Information as of: 01/13/2016 02:30:13 PM*

# Case History

*Currently viewing 1 through 7 of 7 records.*

| Type/Sequence | Date Filed | Description |
|---|---|---|
| P00001 | 12/9/2015 | JURY FEE PAID |
| P00002 | 12/9/2015 | PETITION |
| P00003 | 12/9/2015 | CIVIL CASE INFORMATION SHEET |
| P00004 | 12/9/2015 | SERVICE ASSIGNED TO CLERK 2 |
| P00005 | 12/9/2015 | REQUEST FOR SERVICE AND PROCESS |
| S00001 | 12/11/2015 | CITATION<br>STATE FARM LLOYDS<br>ISSUED: 12/11/2015 RECEIVED: 12/11/2015<br>EXECUTED: 12/15/2015 RETURNED: 1/7/2016 |
| P00006 | 1/7/2016 | ORIGINAL ANSWER OF<br>STATE FARM LLOYDS |

PRIVATE PROCESS    Case Number: 2015-CI-20345

2015CI20345 S00001

**MICHAEL GARCIA ET AL**
**VS.**
**STATE FARM LLOYDS**
(Note:Attached Document May Contain Additional Litigants.)

IN THE DISTRICT COURT
288th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

## CITATION

"THE STATE OF TEXAS"

Directed To: STATE FARM LLOYDS

BY SERVING ITS REGISTERED AGENT, CORPORATION SERVICE COMPANY

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you." Said petition was filed on the 9th day of December, 2015.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 11TH DAY OF DECEMBER A.D., 2015.

PETITION

ROBERT W LOREE
ATTORNEY FOR PLAINTIFF
777 E SONTERRA BLVD 320
SAN ANTONIO, TX 78258-4246



**Donna Kay M<sup>c</sup>Kinney**
**Bexar County District Clerk**
**101 W. Nueva, Suite 217**
**San Antonio, Texas 78205**

By: *Edgar Garcia*, Deputy

---

**OFFICER'S RETURN**

I received this citation on 12-11-15 at 4:00 o'clock P.M. and:( ) executed it by delivering a copy of the citation with the date of delivery endorsed on it to the defendant,_____ in person on the _____ at _____ o'clock ___M. at:_____ or ( ) not executed because _____ Fees:_____ Badge/PPS #:_____
Date certification expires:_____

_____County, Texas

By:_____

OR:   VERIFICATION   OF   RETURN   (If   not   served   by   a   peace   officer)   SWORN   TO   this
_____

NOTARY PUBLIC, STATE OF TEXAS

OR:   My name is_____, my date of birth is_____, and my address is _____, _____(County).
I declare under penalty of perjury that the foregoing is true and correct. Executed in _____County, State of Texas, on the _____ day of_____, 20_____.

Declarant          ORIGINAL (DK002)

FILED
12/9/2015 3:03:54 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Lisa Morales

J/D


CAUSE NO. **2015CI20345**

| | | |
|---|---|---|
| MICHAEL AND CHRISTIANE GARCIA | § | IN THE DISTRICT COURT |
| Plaintiffs | § § § | **288TH** |
| v. | § § | ____ JUDICIAL DISTRICT |
| STATE FARM LLOYDS | § § | |
| Defendant | § § | BEXAR COUNTY, TEXAS |

### PLAINTIFFS' ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiffs, Michael and Christiane Garcia, file this original petition complaining of Defendant, State Farm Lloyds (hereinafter "State Farm"), in which Plaintiffs are only seeking monetary relief in an amount not to exceed $75,000, excluding interest and costs. In support of this petition, Plaintiffs would show this honorable court as follows:

### I. Parties, Venue and Discovery Level

Plaintiffs, Michael and Christiane Garcia, are individuals residing at 1306 Greystone Ridge, San Antonio, Texas.

Defendant, State Farm Lloyds (hereinafter "State Farm") is a company that is doing business in Texas that can be served by serving its registered agent for service Corporation Service Company at 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

The venue of this case is proper in Bexar County, Texas under Sections 15.002 and 15.032 of the Texas Civil Practices and Remedies Code and Section 17.56 of the Deceptive Trade Practices-Consumer Protection Act (hereafter the "DTPA").

Plaintiffs are pursing this case as an expedited action under Rules 47, 169, and 190.2 of the Texas Rules of Civil Procedure.

### II. Agency and Respondeat Superior

Whenever in this petition it is alleged that the Defendant did any act or thing, it is meant that Defendant or its agents, officers, servants, employees, or representatives did such act or

thing. They were also done with the full authorization or ratification of Defendant or done in the normal routine, course and scope of the agency or employment of Defendant or its agents, officers, servants, employees, or representatives.

### III. Conditions Precedent

All conditions precedent to recovery have occurred or been performed.

### IV. Facts of the Case

The Garcias purchased a homeowners' insurance policy from State Farm (Policy Number 83-BR-D569-1) to cover losses to their home for the policy period of April 29, 2012 to April 29, 2013. On August 10, 2012, during the subject policy period, a wind and hail storm caused damage to the Garcia's roof and home. The Garcias immediately reported this loss to State Farm and its agents, who assigned this loss the claim number of 53-181G-118.

Thereafter, State Farm's adjuster, Gilbert Santos, inspected the Garcia's home on September 5, 2012. In an October 10, 2012 letter, Mr. Santos and State Farm told the Garcias that their investigation revealed no evidence of hail damage to the Garcia's roof and only minor wind damage as noted in Mr. Santos estimate. Mr. Santos and State Farm also told the Garcias that this minor roof damage and their interior water damage amounted to only $1,762.02. Since this amount was below the Garcias $5,465 deductible, Mr. Santos and State Farm stated that they were not paying the Garcias any policy benefits on their insurance claim.

In making this decision, Mr. Santos and State Farm blamed the obvious roof damage at the Garcia's home on wear and tear and deterioration of the roof, which they said was not covered under the subject insurance policy. In doing so, Mr. Santos and State Farm failed to perform a proper investigation and intentionally low-balled the storm damage to the Garcia's roof and home from the August 10, 2012 storm. As a result of Mr. Santo's and State Farm's low-balling of their insurance claim, the Garcias thereafter retained a roofing consultant to properly inspect their home for storm damage. This roofing consultant reported to the Garcias that their home had sustained substantial damage from the subject storm.

In a letter to Mr. Santos and State Farm, the Garcias informed State Farm that they disagreed with State Farm's claims decision and demanded appraisal under the terms of their insurance policy. In a May 13, 2014 letter, State Farm agreed to participate in the appraisal process and agreed to timely pay an appraisal award. As you know, the subject insurance policy provides for appraisal of covered losses in which the insurer and insured do not agree on the scope of the damages caused by a covered loss.

State Farm thereafter hired Tim Black of PT&C as its appraiser and the Garcias hired Gary Treider of Chaparral Consulting & Forensics as their appraiser. These appraisers reached an agreement concerning the amount of the loss to the Garcia's home from the subject storm. The appraised amount of the loss was $31,500 for replacement cost with an actual cash value of $28,000. By May 9, 2015, both appraisers had signed the appraisal award. Under the terms of the policy and Texas law, this award is binding. In addition, the Garcia's insurance policy requires that State Farm pay this appraisal award within five business days. State Farm, however, started stringing out the payment of this award in bad faith by requesting documents that it was not entitled to.

On September 14, 2015, the Garcias received a letter from State Farm in which State Farm belatedly paid the ACV amount in the appraisal award of $22,535, plus $400.07 for State Farm's calculation of damages under Chapter 542 for its late payment of the appraisal award. Not only did State Farm fail to properly calculate the 18% damages for its late payment of a claim that it denied in an October 10, 2012 letter, but it also failed to tender any amount to Plaintiffs for attorney's fees as required by Chapter 542 and as demanded by Plaintiffs in their counsel's August 18, 2015 letter. In this respect, Plaintiffs have already paid $2,165.33 in reasonable attorney's fees and are continuing to incur those fees in this matter. To date, State Farm has failed to properly pay the damages due Plaintiffs under Texas law in this matter.

## V. Cause of Action for Breach of Contract

According to the insurance policy that Plaintiffs purchased, Defendant has the duty to investigate and pay Plaintiffs' policy benefits for claims made for damages to its property caused by windstorm. The windstorm caused substantial damage to Plaintiffs' property, which damage is covered under Plaintiffs' insurance policy with Defendant. Defendant has breached its contractual obligations and the subject insurance policy by failing to pay Plaintiffs policy benefits for the cost to properly repair the windstorm damage to Plaintiffs' property and by failing to pay the appraisal award. Defendant has also breached the contractual provisions on timely investigating, adjusting and paying Plaintiff's windstorm claim. As a result of these breaches of contract, Plaintiffs have suffered the damages that are described in this petition.

## VI. Causes of Action for Violation of Chapter 542 of the Insurance Code

Defendant's conduct that is described in this petition violates Chapter 542 of the Texas Insurance Code. Within 15 days after the receipt of either actual or written notice of Plaintiffs' windstorm damage claim, Defendant did not request from Plaintiffs any items, statements, and forms that it reasonably believed at that time would be required from Plaintiffs for its claim. As a result, Defendant has violated Chapter 542 by failing to accept or reject Plaintiffs' claim in writing within 36 days after receiving either actual or written notice of its claim. Defendant has also violated Section 542.058 by failing to pay Plaintiffs' claim within 75 days after it received either actual or written notice of the claim or within 60 days after any other applicable statutory period. This 18% interest started accruing on October 10, 2012 at the latest, when Defendant denied the Garcias the payment of any policy benefits for the damage to their home from the August 10, 2012 storm. In addition, Defendant should have paid the appraisal award in this case by May 15, 2015 and the accrued eighteen percent per annum interest that continued to accrue on a daily basis until Defendant paid the appraisal award when payment was received on September 14, 2015. Such accrued amount is in excess of $12,000.

## VII. DTPA Causes of Action

Plaintiffs incorporate all the allegations in this petition for these causes of action against Defendant under the provisions of the DTPA. Plaintiffs have met all conditions precedent to bringing these causes of action against Defendant. Specifically, Defendant's violations of the DTPA include, without limitation, the following matters:

A. By its acts, omissions, failures, and conduct that are described in this petition, Defendant has violated Sections 17.46 (b) (5), (7), (12) and (20) of the DTPA. In this respect, Defendant's violations include, without limitation: (1) its unreasonable delays in the investigation, adjustment and resolution of Plaintiffs' claims; (2) its failure to properly investigate Plaintiffs' claim; (3) its hiring of a biased adjuster to obtain a result-oriented report and estimate to assist Defendant in initially denying payment of Plaintiffs' insurance claim; (4) its failure to pay for the proper repair of Plaintiffs' property on which Defendant's liability had become reasonably clear; and (5) its failure to timely pay Plaintiffs' appraisal award;

B. As described in this petition, Defendant represented to Plaintiffs that the subject insurance policy and Defendant's adjusting and investigative services had characteristics or benefits that it did not have, which gives Plaintiffs the right to recover under Section 17.46 (b)(5) of the DTPA;

C. As described in this petition, Defendant represented to Plaintiffs that the subject insurance policy and Defendant's adjusting and investigative services were of a particular standard, quality, or grade when they were of another in violation of Section 17.46 (b)(7) of the DTPA;

D. As described in this petition, Defendant represented to Plaintiffs that the subject insurance policy and Defendant's adjusting and investigative services conferred or involved rights, remedies, or obligations that it did not have, which gives Plaintiffs the right to recover under Section 17.46 (b)(12) if the DTPA;

E. By representing that Defendant would pay to repair the damages caused by windstorm and then not doing so, Defendant has violated Sections 17.46 (b)(5), (7) and (12) of the DTPA;

F. Defendant has breached an express warranty that the damage caused by windstorm would be covered under the subject insurance policy. This breach entitles Plaintiffs to recover under Sections 17.46 (b) (12) and (20) and 17.50 (a) (2) of the DTPA;

G. Defendant's actions, as described in this petition, are unconscionable in that it took advantage of Plaintiffs' lack of knowledge, ability, and experience to a grossly unfair degree. Defendant's unconscionable conduct gives Plaintiffs the right to relief under Section 17.50(a) (3) of the DTPA; and

H. Defendant's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of Section 17.50 (a)(4) of the DTPA.

All of the above-described acts, omissions, and failures of Defendant are a producing cause of Plaintiffs' damages that are described in this petition.

### VIII. Causes of Action for Unfair Insurance Practices

Plaintiffs incorporate all the allegations in this petition for these causes of action against Defendant under the Texas Insurance Code. Plaintiffs have satisfied all conditions precedent to bringing these causes of action. By its acts, omissions, failures, and conduct, Defendant has engaged in unfair and deceptive acts or practices in the business of insurance in violation of Chapter 541 of the Texas Insurance Code. Such violations include, without limitation, all the conduct described in this petition plus Defendant's failures to properly investigate Plaintiffs' claims. They also include Defendant's unreasonable delays in the investigation, adjustment, and resolution of Plaintiffs' claim, its failure to timely pay for the proper repair of Plaintiffs' property on which its liability had become reasonably clear, and its failure to timely pay Plaintiffs' appraisal award. They further include Defendant's hiring of a biased adjuster to obtain a result-oriented report to assist Defendant in initially denying the payment of Plaintiffs' insurance claim and its failure to look for coverage and give Plaintiffs the benefit of the doubt. Specifically, Defendant is guilty of the following unfair insurance practices:

A. Engaging in false, misleading, and deceptive acts or practices in the business of insurance in this case;

B. Engaging in unfair claims settlement practices;

C. Misrepresenting to Plaintiffs pertinent facts or policy provisions relating to the coverage at issue;

D. Not attempting in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiffs' claim on which Defendant's liability has become reasonably clear;

E. Failing to affirm or deny coverage of Plaintiffs' claim within a reasonable time;

F. Refusing to pay Plaintiffs' claim without conducting a reasonable investigation with respect to the claim; and

G. Failing to provide promptly to a policyholder a reasonable explanation of the basis in the insurance policy, in relation to the facts or applicable law, for the denial of a claim

or for the offer of a compromise settlement.

Defendant has also breached the Texas Insurance Code when it breached its duty of good faith and fair dealing. Defendant's conduct as described herein has resulted in Plaintiffs' damages that are described in this petition.

### IX. Cause of Action for Breach of Duty of Good Faith and Fair Dealing

Plaintiffs incorporate all the allegations of the preceding paragraphs for this cause of action. By its acts, omissions, failures and conduct, Defendant has breached its common law duty of good faith and fair dealing by denying Plaintiffs' entire claim without any reasonable basis and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for its denial. Defendant has also breached this duty by unreasonably delaying payment of Plaintiffs' entire claim, by delaying payment of the appraisal award, and by failing to settle Plaintiffs' claim because Defendant knew or should have known that it was reasonably clear that the claim was covered. This conduct of Defendant is a proximate cause of Plaintiffs' damages.

### X. Waiver and Estoppel

Defendant has waived and is estopped from asserting any defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights or denial letters to Plaintiffs.

### XI. Damages

The above described conduct of Defendant has caused Plaintiffs damages, which include, without limitation, withheld depreciation of $3,500, approximately $12,000 for unpaid damages under Chapter 542 of the Texas Insurance Code on Defendant's ACV payment of the appraisal award on September 14, 2015, attorney's fees already paid in the amount of $2165.33, and extra-contractual damages, which damages and any monetary relief in this case to Plaintiffs do not exceed $75,000, excluding interest and costs. Plaintiffs are also entitled to recover prejudgment interest against Defendant of approximately $2,800.

## II. Additional Damages

Defendant has also "knowingly" and "intentionally" committed deceptive trade practices and unfair insurance practices as those terms are defined in the applicable statutes. Because of Defendant's knowing and intentional misconduct, Plaintiffs are entitled to additional damages under Section 17.50(b) (1) of the DTPA and by Chapter 541 of the Texas Insurance Code.

## XIII. Exemplary Damages

Defendant's breach of its duty of good faith and fair dealing owed to Plaintiffs was done intentionally and with "malice" and "gross negligence' as those terms are defined in Chapter 41 of the Texas Civil Practice and Remedies Code. These violations by Defendant are the type of conduct that the State of Texas protects its citizens against by the imposition of exemplary damages. Therefore, Plaintiffs seek the recovery of exemplary damages in an amount to be determined by the finder of fact that is sufficient to punish Defendant for its wrongful conduct and to set an example to deter Defendant and others similarly situated from committing similar acts in the future.

## XIV. Attorneys' Fees

As a result of Defendant's conduct that is described in this petition, Plaintiffs have been forced to retain the undersigned attorneys to prosecute this action and has agreed to pay reasonable attorneys' fees. Plaintiffs are entitled to recover these attorneys' fees under Chapter 38 of the Texas Civil Practices and Remedies Code; Chapters 541 and 542 of the Texas Insurance Code; and Section 17.50 of the DTPA.

## XV. Rule 194 Requests for Disclosure

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendant is requested to disclose, within 50 days of service of this request, the information or material described in Rule 194.2(a) through (l).

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request a trial by jury and also requests that Defendant be cited to appear and answer, and on final hearing, the court award

Plaintiff a judgment against Defendant for the following:

1. Actual, economic, additional, and exemplary damages in an amount within the jurisdictional limits of the court not to exceed $75,000, excluding interest and costs;

2. Reasonable attorneys' fees through trial and on appeal;

3. Pre-judgment and post-judgment interest as provided by law;

4. Costs of court; and

5. Such other and further relief to which Plaintiffs may be justly entitled.

Respectfully submitted,

*Loree & Lipscomb*
The Terrace at Concord
777 E. Sonterra Blvd, Suite 320
San Antonio, Texas 78258
Telephone: (210) 404-1320
Facsimile: (210) 404-1310

By: _____
Robert W. Loree
State Bar No. 12579200
rob@lhllawfirm.com

Attorney for Plaintiffs



JOEY HURT
P.O. BOX 120146
SAN ANTONIO, TEXAS 78212

CSC
211 East 7th Street 620
Austin TX 78701

**From:** Danielle Walker
**Sent:** Wednesday, December 16, 2015 1:25 PM
**To:** LT - FIRE - Litigation
**Subject:** 53-181G-118

<<...OLE_Obj...>>



CORPORATION SERVICE COMPANY

## Notice of Service of Process

null / ALL
Transmittal Number: 14576272
Date Processed: 12/15/2015

| | |
|---|---|
| Primary Contact: | State Farm Enterprise SOP<br>Corporation Service Company- Wilmington, DELAWARE<br>2711 Centerville Road<br>Wilmington, DE 19808 |

| | |
|---|---|
| Entity: | State Farm Lloyds<br>Entity ID Number 3461674 |
| Entity Served: | State Farm Lloyds |
| Title of Action: | Michael Garcia vs. State Farm Lloyds |
| Document(s) Type: | Citation/Petition |
| Nature of Action: | Contract |
| Court/Agency: | Bexar County District Court, Texas |
| Case/Reference No: | 2015CI20345 |
| Jurisdiction Served: | Texas |
| Date Served on CSC: | 12/15/2015 |
| Answer or Appearance Due: | 10:00 am Monday next following the expiration of 20 days after service |
| Originally Served On: | CSC |
| How Served: | Certified Mail |
| Sender Information: | Robert W. Loree<br>210-404-1320 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

CAUSE NO. 2015-CI-20345

| | | |
|---|---|---|
| **MICHAEL AND CHRISTIANE GARCIA,** Plaintiffs, | § § § | IN THE DISTRICT COURT |
| v. | § § | 288TH JUDICIAL DISTRICT |
| **STATE FARM LLOYDS,** Defendant. | § § § | BEXAR COUNTY, TEXAS |

**DEFENDANT STATE FARM LLOYDS' ORIGINAL ANSWER**

NOW COMES Defendant State Farm Lloyds and files its Original Answer, and would respectfully show as follows:

**I.**

Defendant generally denies each and every allegation contained in Plaintiffs' Original Petition pursuant to Texas Rule of Civil Procedure 92, and demands strict proof thereof by a preponderance of the credible evidence.

**II.**

WHEREFORE, PREMISES CONSIDERED, Defendant State Farm Lloyds respectfully prays for a judgment that Plaintiffs take nothing, that Defendant recover all its costs, and that Defendant be granted all other relief, at law and in equity, to which it may be justly entitled.

Respectfully submitted,

LINDOW • STEPHENS • TREAT LLP

By: _____
David R. Stephens
State Bar No. 19146100
Sydnee R. Garcia
State Bar No. 24092400
One Riverwalk Place
700 N. St. Mary's St., Suite 1700
San Antonio, Texas 78205
Telephone: (210) 227-2200
Facsimile: (210) 227-4602
dstephens@lstlaw.com
sgarcia@lstlaw.com

*Counsel for Defendant State Farm Lloyds*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Defendant State Farm Lloyds' Original Answer was served by facsimile and/or electronic service on the 7th day of **January 2016**, upon the following counsel of record:

Robert W. Loree
LOREE & LIPSCOMB
The Terrace at Concord
777 E. Sonterra Blvd, Suite 320
San Antonio, Texas 78258

_____
David R. Stephens/Sydnee R. Garcia